UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,                :

                    Plaintiff,     :

                    -v-               :     MEMORANDUM DECISION
                                                                    AND ORDER
REAL PROPERTY KNOWN AS UNIT 5B OF   :     10 Civ. 5390 (GBD)(FM)
THE ONYX CHELSEA CONDOMINIUM
LOCATED AT 261 WEST 28TH STREET, NEW :
YORK, NEW YORK 10001-5933,

                    Defendant-in-rem.
------------------------------------- X

GEORGE B. DANIELS, District Judge:

      The United States of America, brings this in rem action, pursuant to 18 U.S.C § 981, seeking the forfeiture of a condominium unit in the Onyx Chelsea building located at 261 West 28th Street in Manhattan ("Apartment"). The Apartment is owned by West 28th Street LLC, a New York limited liability company, which in turn, is owned by the claimant in this action, Avallo Ltd. ("Avallo"). The United States alleges that the Apartment was purchased (1) with money paid as a bribe to the former first lady of Taiwan ("First Lady"), to influence decision making concerning the merger of two Taiwanese financial firms, in violation of Taiwan's Anti-Corruption Statute, and (2) for the purpose of laundering the bribe money. As a result, the United States asserts six claims alleging that the defendant property is subject to forfeiture (1) under 18 U.S.C. § 981(a)(1)(A) because it is traceable to or involved in a transaction in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(a)(2)(B)(ii) and 1957; (2) under 18 US.C. § 981(a)(1)(B) because it is traceable to an offense against a foreign nation that is punishable by imprisonment for more than one year in that foreign nation and in the United States; and (3) under 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to a specified unlawful

activity as defined in 18 U.S.C. § 1956(c)(7), and a conspiracy to commit a specified unlawful activity as defined in § 1956(c)(7).

Avallo moved to dismiss all six claims of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Avallo contends that the Complaint must be dismissed because (1) neither the First Lady nor the former president of Taiwan ("President") accepted a bribe relating to the proposed merger, in violation of either United States or Taiwanese law; (2) the conduct constituting the alleged bribery occurred entirely outside the United States, and therefore, does not fall within the specified unlawful activity described in Section 1956(c)(7)(B)(iv); (3) the United States' complaint fails to allege that the Apartment was purchased in order to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the alleged bribery; and (4) Section 1956(c)(7)(B)(iv) is unconstitutionally vague.

This Court referred the matter to Magistrate Judge Frank Maas for his Report and Recommendation ("Report"). Magistrate Judge Maas recommended that this Court dismiss Claims One through Five of the Complaint without prejudice to the United States reinstating those claims if the Taiwanese trial court decision acquitting the First Lady and President of bribery is reversed. Magistrate Judge Maas recommended that this Court dismiss Claim Six, the "specified unlawful activity" claim, with prejudice.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not

required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y.2005) (citation omitted). In his report, Magistrate Judge Maas advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The United States filed objections to the Report.

The United States objects to (1) Magistrate Judge Maas's determination that money laundering is not included in the definition of "specified unlawful activity" as set forth in § 1957(c)(7); (2) his interpretation of foreign law; and (3) not being afforded an opportunity to rebut factual findings and interpretations of foreign law. The United States also seeks permission to amend its complaint in order to provide additional details regarding the events giving rise to this action supporting the government's legal theory of the case.

This Court does not adopt Magistrate Judge Maas' recommendation to dismiss the Claims. This Court recommits the matter to Magistrate Judge Maas in order to afford the United States the opportunity to (1) rebut the factual findings and interpretations of foreign law; and (2) amend the complaint in the manner proposed to address the deficiencies identified by Magistrate Judge Maas.[1] Avallo's motion to dismiss is denied without prejudice to renew its motion to dismiss as to the amended complaint.

---

[1] A proposed United States Amended Verified Complaint and a Proposed Order was submitted with the United States' Objections as Exhibit C.

The parties shall be afforded an opportunity to submit relevant materials to aid in the interpretation of the Taiwan Anti-Corruption Statute, including written or oral expert testimony accompanied by extracts from various kinds of foreign legal materials and foreign statutes, foreign judicial cases, and foreign law treatises, and any additional materials relevant to interpretation of foreign law. The parties should also provide updated information regarding the status of the Taiwan Proceedings that have occurred since the filing of the original complaint.

## Conclusion

This matter is recommitted to the Magistrate Judge for further proceedings consistent with this Decision and Order.

Dated: New York, New York
       September 19, 2011

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge